IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
        Plaintiff/Respondent,

vs.                                                  Civ. No.      06-0250 JP/LCS
                                                    Crim. No.    02-1592 JP

BRIAN MADDOX,
        Defendant/Movant.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Movant Maddox's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 filed March 28, 2006.  (Doc. 1.)  Movant attacks the Sentence entered on December 18, 2003 in the case styled *United States v. Brian Maddox*, CR 02-1592 JP, United States District Court for the District of New Mexico.[1]  (Docs. 67, 69/02CR1592.)  The United States Magistrate Judge, having reviewed the Petition and having considered the submissions of the parties, the record herein, relevant authorities, and being otherwise fully advised, recommends that Movant's Petition be **DENIED**.

    I.      PROCEDURAL HISTORY

    1.      On September 10, 2002, a federal grand jury returned a three-count indictment against Movant.  (Doc. 12/02CR1592.)  Count I charged Mr. Maddox, who has three previous convictions, with illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1) and    §

---

[1] References to documents in the related criminal case, 02CR1592, will be cited using the document number followed by /02CR1592.  Citations using only a document number refer to the documents filed in Movant's present habeas case, 06CV650.

924(a)(2); count II charged him with possession with intent to distribute less than fifty grams of a mixture and substance containing a detectable amount of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and count III charged him with possessing a firearm during and in relation to and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  (*Id.*)

2.	On July 14, 2003, Mr. Maddox pled guilty to the indictment pursuant to a conditional plea agreement with the government.[2]  (Docs. 55, 56/02CR1592.)  In his plea agreement, Movant stated that he understood his rights as a criminal defendant and agreed to waive those rights.  (Doc. 55 at 1-2/02CR1592.)  He also signed a statement that his plea was "freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement."  (*Id.* at 5.)  In exchange for Mr. Maddox's conditional guilty plea to count I, the United States agreed to move to dismiss counts II and III of the indictment.  (Doc. 55 at 2, 4-5/02CR1592.)  Under careful and thorough questioning by the Honorable Alan C. Torgerson, Mr. Maddox stated that he had discussed the charges with his attorney, was satisfied with his attorney, understood the consequences of pleading guilty, and that the facts of the case as presented by the Government were true and correct.  (Plea Hr'g Tr. at 5-11, 14-15.)

3.	The United States filed notice on July 16, 2003 of its intent to seek an enhanced sentence pursuant to the armed career criminal provisions of 18 U.S.C. § 924(c) and the United States Sentencing Guidelines ("USSG") § 4B1.4.  (Doc. 57/02CR1592.)  Mr. Maddox filed three main objections to the presentence report on December 11, 2003.  (Doc. 65/02CR1592.)  He

---

[2] The plea agreement was "conditioned upon the defendant's reservation of right, pursuant to Rule 11(a)(2), Fed. R Crim. P., to appeal from the Court's denial of his Motion to Suppress Evidence in violation of the Fourth Amendment in its order of June 4, 2003."  (Doc. 55 at 2/02CR1592.)

objected that: 1) the Probation officer relied on a conviction of escape from jail as a predicate felony for purposes of the Armed Career Criminal Act; 2) the Probation officer concluded that Maddox used or possessed a firearm in connection with a controlled substance offense; 3) several of the facts outlined in the presentence report were misstatements. (*See id.* at 1-2.) The United States responded to Movant's objections on December 16, 2003. (Doc. 66/02CR1592.)

4. On December 18, 2003, Movant appeared before the Honorable James A. Parker, Senior United States District Judge, for sentencing. (Docs. 67, 69/02CR1592.) The Court sentenced Movant to 188 months in the custody of the Bureau of Prisons. (Doc. 67 at 2/02CR1592.) The sentence was imposed based on an offense level of 31, a criminal history category of VI, and a sentencing range of 188-235 months. (Doc. 69/02CR1592.) The Court granted the United States' motion to dismiss counts II and III of the indictment. (Docs. 68, 70/02CR1592.)

5. Mr. Maddox appealed "the District Court's denial of his motion to suppress [certain] evidence and his sentencing enhancement" to the Tenth Circuit. *United States v. Maddox*, 388 F.3d 1356, 1358 (10th Cir. 2004). With respect to the sentencing enhancement, Mr. Maddox raised the same issue to the Tenth Circuit as he does in this § 2255 petition: he "contend[ed] that his failure to return from the work-release program does not constitute a violent felony." *Id.* at 1369. The Tenth Circuit affirmed both the denial of the motion to suppress and the sentencing enhancement. *Id.*

6. Mr. Maddox filed the present Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 with this Court on March 28, 2006. (Doc. 1.) The United States filed its Response to Movant's Motion on June 14, 2006. (Doc. 6.) Movant has

not filed a Reply.

## II. ANALYSIS

Movant raises the following issues in his Petition:

I. Because Movant's predicate conviction for escape from jail is not a crime of violence, the sentencing judge improperly sentenced Movant as an armed career criminal.

II. The sentencing judge violated Movant's Fifth and Sixth amendment rights by finding that previous convictions were "violent" without submitting the issue to a jury.

III. Counsel was ineffective for: 1) failing to go further in challenging the issue of whether a conviction for escape from jail is a crime of violence; and 2) failing to challenge the Court's finding that the conviction for escape from jail is a crime of violence.

7. After reviewing the motions, files, and records of the case, if this Court has any question as to whether the prisoner is entitled to relief, 28 U.S.C. § 2255 directs that I hold an evidentiary hearing to "determine the issues and make findings of fact . . . ." When reviewing the motions, the Court will liberally construe a *pro se* litigant's pleadings and hold them to a less stringent standard than pleadings drafted by an attorney. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). If the record conclusively shows Movant is not entitled to relief, the Court may deny his § 2255 motion without an evidentiary hearing. 28 U.S.C. § 2255; *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (citation omitted).

### A. Movant's Predicate Conviction for Escape From Jail Is a Crime of Violence and the Court Properly Imposed the Armed Career Criminal Sentence.

8. Movant's first claim fails for two reasons. First, because the Tenth Circuit denied Movant relief on this same issue in his direct appeal, Movant is barred from raising the issue again in a § 2255 motion. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citations

omitted). Second, Movant's claim fails on the merits. The Court properly characterized Movant's prior conviction for escape from jail as a violent felony in imposing a sentence under the Armed Career Criminal Act ("ACCA"). *See* Tit. II, ch. 18, sec. 1801-03, 98 Stat. 2185 (1984) (codified as amended at 18 U.S.C. § 924(e)). "Section 924(e)(1) provides that a defendant who has three or more prior violent felony convictions and subsequently is convicted under § 922(g) shall be imprisoned for at least 15 years and may not receive a suspended sentence or probation." *United States v. Springfield*, 196 F.3d 1180, 1185 (10th Cir. 1999). In Movant's case, the government sought this enhanced sentence under the ACCA because Movant had previous convictions for three violent felonies: escape from jail, battery upon a peace officer, and aggravated battery. (*See* Docs. 12 at 1-2/02CR1592; 57 at 1/02CR1592; *see also* Doc. 6, Ex. 1.) Mr. Maddox contends that escape from jail is not a violent felony.[3] (Doc. 1 at 4-11.)

9.   "The ACCA defines 'violent felony,' in pertinent part, as any felony offense which 'involves conduct that presents a serious potential risk of physical injury to another.'" *Springfield*, 196 F.3d at 1185 (quoting § 924(e)(2)(B)(ii)). The Tenth Circuit has held that "an escape *always* constitutes 'conduct that presents a serious potential risk of physical injury to another,' for the purposes of the [ACCA] as well as for the career offender provisions of the sentencing guidelines." *United States v. Moudy*, 132 F.3d 618, 620 (10th Cir. 1998), *cert. denied*, 523 U.S. 1036 (emphasis added) (quoting § 924(e)(2)(B)(ii)).

> [E]very escape scenario is a powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which always has the serious potential to do so. A defendant who escapes from a jail is

---

[3] Mr. Maddox argues that the definition of "crime of violence" in 18 U.S.C. § 16 should control this Court's analysis. (Doc. 1 at 4-11.) He is mistaken. Tenth Circuit precedent directs the Court to use the definition of "violent felony" contained in § 924(e)(2)(B)(ii) for purposes of the ACCA. *See Springfield*, 196 F.3d at 1185.

> likely to possess a variety of supercharged emotions, and in evading those trying to recapture him, may feel threatened by police officers, ordinary citizens, or even fellow escapees. Consequently, violence could erupt at any time. Indeed, even in a case where a defendant escapes from a jail by stealth and injures no one in the process, there is still a serious potential risk that injury will result when officers find the defendant and attempt to place him in custody.

*Moudy*, 132 F.3d at 620 (alteration in original) (citations omitted). Consequently, "[i]t is irrelevant whether the escape actually involved any violence or whether [Movant] was convicted under a state statute that defines escape as a nonviolent offense." *Springfield*, 196 F.3d at 1185. The Court correctly determined that Movant's conviction for escape from jail was a crime of violence in sentencing Movant as an armed career criminal. Mr. Maddox's first claim should be denied.

      **B.**    **The Sentencing Judge Did Not Violate Movant's Fifth or Sixth Amendment Rights by Finding That Previous Conviction Were "Violent" Without Submitting the Issue to a Jury.**

      10.    Movant's second claim fails for several reasons. First, Movant is procedurally barred from raising this issue because he did not raise it on direct appeal. A defendant may not bring a § 2255 motion "to test the legality of matters which should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citing *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993)); *see also United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004). Failing "to present an issue on direct appeal bars [the defendant] from raising the issue in his § 2255 motion . . . ." *Warner*, 23 F.3d at 291 (citing *Cook*, 997 F.2d at 1320). Mr. Maddox pled guilty and did not raise his second claim on direct appeal, so it is subject to this procedural bar. The only way Movant can bypass this rule is to "show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains," or that

6

he is actually innocent of his crimes. *Id.* (citing *Cook*, 997 F.2d at 1320); *see also Davis v. United States*, 417 U.S. 333, 346 (1974). Mr. Maddox is not claiming actual innocence, so his procedural default will not be excused on that ground.

11.   Nor does Movant allege any facts to show cause for not raising this issue on appeal. Even if there were good cause, Mr. Maddox cannot show prejudice because his claim would fail on the merits. The Tenth Circuit has held that "the government is not required to charge in an indictment or prove to a jury either: 1) the existence of prior convictions; or 2) their classification as 'violent felonies.'" *United States v. Austin*, 426 F.3d 1266, 1270 (10th Cir. 2005) (citing *United States v. Moore*, 401 F.3d 1220, 1221, 1224-25, n.2). "[T]he characterization of prior convictions as crimes of violence . . . involves a question of law and not fact and therefore does not implicate the Sixth Amendment for the purpose of requiring the characterization of the offense to be charged in the indictment and proven to a jury." *Id.* (citing *Moore*, 401 F.3d at 1224-26, n.2). *See also Almendarez-Torres v. United States*, 523 U.S. 224 (1998) (holding that a prior conviction does not need to be charged in the indictment).

12.   As the Government points out, Movant's reliance on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is misplaced.[4] (Doc. 6 at 7-8.) In *Apprendi*, the United States Supreme Court held that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). *See also Austin*, 426 F.3d at 1270;

---

[4] Movant misstated *Apprendi*'s holding in his petition. (Doc. 1 at 13.) Movant asserted that the United States Supreme Court held that "*any fact* which increases the maximum punishment for an offense must be charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt." (*Id.* (emphasis added).) As explained above in Paragraph 12, this misstates the law. (*See* Doc. 6 at 8.)

*Moore*, 401 F.3d at 1222-23.  Moreover, the Tenth Circuit has spoken directly to this issue: "Neither the existence of prior convictions, nor their classification as 'violent felonies,' constitute facts that must be charged in an indictment and proven to a jury under a 'beyond a reasonable doubt' standard." *Moore*, 401 F.3d at 1226.  For these reasons, Movant's second claim should be denied.

### C.     Movant Fails to Demonstrate Ineffective Assistance of Counsel.

13.     Claims of ineffective assistance of counsel "present mixed questions of law and fact . . . ." *Fisher v. Gibson*, 282 F.3d 1283, 1290 (10th Cir. 2002) (citation omitted).  To prove that his counsel's assistance was constitutionally ineffective, Mr. Maddox has the burden of meeting the two prong test formulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense. . . .  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process . . . .

*Id.* at 687.

14.     To clear the first prong of *Strickland*, Movant must show that "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690.  "The proper measure of attorney performance [is] simply reasonableness under prevailing professional norms." *Id.* at 688.  There is a strong presumption that the challenged actions of counsel come within this wide range; the actions must be viewed not from hindsight, but "from counsel's perspective at the time." *Id.* at 689.

15.     Should Movant demonstrate that his counsel's performance was constitutionally ineffective, he must also clear the second prong of *Strickland* by showing that he suffered prejudice. *Id.* at 691-92. Any prejudice "must be made in view of the strength of the government's case." *United States v. Clonts*, 966 F.2d 1366, 1370 (10th Cir. 1992) (citation and quotation marks omitted). He must "demonstrate that there is a 'reasonable probability' that the outcome would have been different had those errors not occurred." *Duvall v. Reynolds*, 139 F.3d 768, 777 (10th Cir. 1998) (citations and quotation marks omitted). A reasonable probability is one "sufficient to undermine confidence in the outcome" of the prior proceeding. *Strickland*, 466 U.S. at 694.

16.     The Court need not address both prongs of the inquiry if Mr. Maddox makes an insufficient showing on either deficient performance or prejudice. *Id.* at 697. Mr. Maddox, in alleging ineffective assistance, bears the burden of alleging facts which, if proved, would entitle him to relief. *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Mere conclusory allegations without factual support are insufficient to meet this burden. *Id.* (citations omitted).

### 1.     Movant Fails to Sustain His Burden under *Strickland* on His First Claim of Ineffective Assistance.

17.     Movant's attorney was not ineffective for failing to go further in challenging the issue of whether Movant's escape conviction is a crime of violence. (*See* Doc. 1 at 11-12.) As discussed above, "an escape *always* constitutes 'conduct that presents a serious potential risk of physical injury to another,' for the purposes of the [ACCA] as well as for the career offender provisions of the sentencing guidelines." *Moudy*, 132 F.3d at 620 (emphasis added) (quoting § 924(e)(2)(B)(ii)). Despite this clear precedent contrary to Movant's position, his attorney

9

challenged the finding in the direct appeal. *Maddox*, 388 F.3d at 1368-69. And, "in accordance with his duty as an officer of the court, [Movant's attorney] candidly admit[ted] that Tenth Circuit precedent foreclose[d] his argument." *Id.* at 1369. Movant has not identified any act or omission by his attorney that was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if he could identify some relevant act or omission, he cannot prove any prejudice. The Tenth Circuit agreed with Movant's attorney that the argument regarding his prior escape conviction was foreclosed. *Maddox*, 388 F.3d at 1369. As discussed above, the sentencing judge properly enhanced Movant's sentence. Mr. Maddox has not satisfied the *Strickland* test, and his first ineffective assistance of counsel claim should be denied.

### 2. Movant Fails to Satisfy the *Strickland* Test on His Second Claim of Ineffective Assistance.

18.     Movant's attorney was not ineffective for failing to challenge the Court's finding that the conviction for escape from jail is a crime of violence. Again, it is established precedent that classification of a prior conviction as a violent felony under the ACCA is a question of law that need not be charged in an indictment or proven to a jury. *Moore*, 401 F.3d at 1226. Movant's counsel would have had no legal basis for arguing the contrary, and so Movant fails to satisfy either prong of *Strickland*. His second claim of ineffective assistance should be denied.[5]

### III. RECOMMENDATION

---

[5] Moreover, because Mr. Maddox signed a plea agreement, to satisfy *Strickland*'s second prong Movant must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). By pleading guilty, Movant gained a considerable benefit: the Government dropped two counts from his indictment. Movant did not claim that he would have pleaded not guilty and insisted on trial but for his attorney's alleged errors, nor could I find any prejudice if Movant had made such an argument. *Hill*, 44 U.S. at 59.

19.	I recommend that Mr. Maddox's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be **DENIED**.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**